## ALAMO CASUALTY CO. v. HARKINS.
### No. 12467.

Court of Civil Appeals of Texas. Galveston.

Nov. 13, 1952.

Rehearing Denied Dec. 4, 1952.

Vinson, Elkins & Weems and B. Jeff Crane, Jr., of Houston, for appellant.

Peyton, Collier & Huckeba and Ralph K. Collier, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Chester M. Harkins, for recovery from appellant, Alamo Casualty Company, upon a policy of insurance issued by appellant to appellee insuring him against loss or damage to automobiles owned by him and

exhibited for sale at his place of business in Houston.

In a trial before the court without a jury, judgment was rendered for appellee in the sum of $1,995.00. No evidence was offered by appellant on the trial of the case and no findings of fact or conclusions of law were requested by the parties or filed by the trial court.

The policy of insurance issued to appellee insured him against loss or damage to automobiles, owned or exhibited for sale by him at his place of business in Houston, resulting from the risk or hazard "of theft, larceny, robbery, or pilferage * * * where the insured dealer or anyone acting under express or implied authority of the insured dealer voluntarily parted with title and/or possession of the automobile as the result of a false pretext, subject to all of the terms, conditions and limits of said policy and endorsements attached thereto which are not in conflict with the provisions of this endorsement."

Appellee alleged that on or about August 30, 1950, a certain described automobile belonging to him was misappropriated by Mrs. Ann Clarke under conditions which constituted such taking a theft by false pretext as contemplated by the above-quoted terms of the insurance policy.

Appellee was the owner of the automobile in question which was worth, on the market, at the time of its disappearance, form $2,000.00 to $2,150.00. On August 23, 1950, a woman who identified herself as Mrs. Ann Clarke came to appellee's place of business to purchase an automobile. She gave him a check for $100.00 drawn on the City National Bank of Houston, as a deposit. Appellee took a purchaser's statement from her concerning her residence, her credit references and other similar information. Mrs. Clarke gave her address as 1720 Hamilton Street, Houston, and gave as credit references the Atlas Jewelry Company and two individuals. She stated that she owned an apartment house in California, valued at $25,000.00, from which she received as rentals, from $450.00 to $500.00 per month. She did not take the automobile at that time. The $100.00 check which she had given appellee as a deposit was honored and paid.

On August 30th she returned to appellee's place of business and gave him checks for $100.00 and $143.40 drawn on the City National Bank of Houston. She requested appellee to hold them until. arrangements had been made for financing the purchase of the automobile.

The record reflects that it was customary in the sale of used cars to let prospective purchasers drive automobiles they intended to purchase to the places of business of finance companies to arrange for financing the purchase, and appellee turned the car over to Mrs. Clarke and directed her to Mossler Acceptance Corporation to arrange for financing its purchase.

Appellee testified that he did so because of the representations made him by Mrs. Clarke and that he did not intend to part with either possession or title of the car. Appellee has not seen Mrs. Clarke since August 30, 1950, and does not know anything about the whereabouts of the automobile involved.

The record shows that Mrs. Clarke opened an account with the City National Bank on June 5, 1950, and that the account had remained open up to the date of the trial, and that the balance in the account on August 30, 1950, was $150.37. This balance was reduced on the 2nd day of September to $15.20. Checks drawn on the account were dishonored on September 5th and 7th.

An employee of Mossler Acceptance Corporation testified on the trial that Mrs. Clarke came to his office on August 30, 1950, in connection with the financing of an automobile she contemplated purchasing from the Harkins Motor Company and that he had checked her credit references, home address and other matters. He was informed that Mrs. Clarke had moved her place of residence without leaving a forwarding address, and that he could not obtain any information concerning the credit references she had given. He advised her that he would contact Mr. Harkins concerning approval of the loan.

The facts of this case are similar to the facts in the case of Harkins v. Indiana Lumbermens Mutual Insurance Company of Indianapolis, 234 S.W.2d 430, in which this Court, speaking through Justice Cody, held that the transfer of both title and possession of property caused by a false material statement regarding some past or present fact constituted the offense of swindling, but that where an automobile dealer accepted a worthless check from a buyer in partial payment and the buyer of the automobile absconded with the automobile, the act of the buyer was not theft by false pretext within the policy insuring against theft by false pretext.

In his pleading, appellee alleged that false statements made by Mrs. Clarke constituted a false pretext under the terms of the insurance policy in question. None of the statements made by Mrs. Clarke was proved to be false with the possible exception of such representations as may have been involved in the passing of the two checks totaling $243.40, which were not honored by the Bank.

The case of Bomar v. Insurers Indemnity and Insurance Company, Tex.Sup., 242 S.W.2d 160, involved the loss of an automobile covered by an insurance policy which included (broad form) theft coverage. In its opinion, the Supreme Court of this State held that the facts in the record indicated a carefully designed and cleverly executed fraudulent pretext, inducing the belief that the purported purchaser of insured's automobile had made arrangements with a bank whereby a check given for the purchase price of the automobile would be paid when title cleared with the State Highway Department.

In the case of Hesbrook v. State, 149 Tex.Cr.R. 310, 194 S.W.2d 260, 261, it was held that, "It is now the settled law of this State that a false pretext is necessary to constitute the crime of theft by false pretext. The intent to deprive the owner of the property and subsequent appropriation of it, alone, is not sufficient." (Citing authorities.)

■■ It follows, we think, that the title to the automobile in question did not pass out of appellee, and that possession of the car was secured by Mrs. Clarke by a false pretext which induced appellee to part with possession of the car; and since, in the absence of findings of fact by the trial court, this Court must presume that the trial court correctly found all fact issues having support in the evidence in favor of its judgment, and after a careful consideration of the record and all points of error presented by the parties in their briefs, it is our opinion that the evidence supports the trial court's judgment; it is our opinion that the trial court's judgment must be affirmed.

Affirmed.